FILED
SUPERIOR COURT
OF GUAM

2018 JAN 23 PM 5:09

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO.: CF0445-16** |
| vs. | |
| **WILLIAM MENO PEREZ,**<br>DOB: 05-15-1980 | **DECISION AND ORDER**<br>**(Re: Defendant's Motion To Admit**<br>**Evidence of Habit)** |
| **DEFENDANT.** | |

### <u>INTRODUCTION</u>

This matter came before the honorable Anita A. Sukola on November 6, 2017 on William Meno Perez's ("Defendant") Motion to Allow in Past Habit of Viewing Porn Under Guam Rule of Evidence 403 and as an Exception Under Rule 412 of the Guam Rules of Evidence. Attorney William Pole appeared on behalf of the Defendant. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **<u>GRANTING</u>** the Defendant's Motion.

///

///

ORIGINAL

## BACKGROUND

On July 28, 2016, a Superior Court of Guam Grand Jury issued an Indictment charging the Defendant with two counts of First Degree Criminal Sexual Conduct (As a 1st Degree Felony) and two counts of Second Degree Criminal Sexual Conduct (As a 1st Degree Felony). Indictment at 1-2 (July 28, 2016). The Defendant was arraigned on August 3, 2016 in the Superior Court of Guam where he pleaded not guilty and asserted his right to a speedy trial. Superior Court of Guam Minute Entry Log No. 13059 (Aug. 3, 2016).

On November 6, 2017, Defendant filed his Motion to Allow in Past Habit of Viewing Porn Under Guam Rule of Evidence 403 and as an Exception Under Rule 412 of the Guam Rules of Evidence. Def's Mot. Allow Past Habit of Viewing Porn (Nov. 6, 2017). Defendant seeks to admit testimony of the alleged victim's past history of viewing pornography and to cross-examine the alleged victim on her past viewing of porn in order to impeach her. Id.

On November 20, 2017, the People filed their Opposition to Defendant's Motion. Defendant filed his Reply to Government's Objection to Motion on November 27, 2017.

## DISCUSSION

The Defendant moves the Court to issue an order admitting testimony of the alleged victim's past viewing of pornographic material. Def.'s Mot. To Allow 1 (Nov. 6, 2017). The Defendant argues that the past viewing of pornography is relevant to show that the victim's knowledge of what happens during sex is not based upon the allegations made against the Defendant, but instead based upon an alternative source of information. Id. Defendant further argues that this evidence is not barred by the rape shield statute of Evidence Rule 412. Id.

### I.    Evidence Rules 401 and 402

The People argue that the inclusion of evidence that the alleged victim watches pornography is inadmissible as irrelevant under Rules 401 and 402 of the Guam Rules of Evidence. People's Opp'n 2 (Nov. 20, 2017).

Rule 401 defines relevant evidence as any evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401 (2006). Rule 402 states that "evidence which is not relevant is not admissible." Guam R. Evid. 402 (2006). The People argue that the alleged victim's viewing of pornographic material in the past does not make her allegations against the Defendant any more or less probable, and is therefore irrelevant and inadmissible. People's Opp'n 2(Nov. 20, 2017).

The Court finds that the alleged victim's viewing of pornographic material is relevant to refute the notion, either explicitly argued or merely implied by the facts, that the alleged victim could not know the details of sex and the male genitalia if not for abuse by the Defendant. Relevancy will be examined further below in the Court's determination of the testimony's probative value under Rule 412.

## II.    Evidence Rule 403

The title of Defendant's motion implies that evidence of the victim's habit of watching pornography should be admitted under GRE 403. Def.'s Mot. 1 (Nov. 6, 2017). Defendant's motion does not elaborate on this contention. Rule 403 states:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Guam R. Evid. 403 (2007). Rule 403 is a rule of exclusion. The rule does not provide that otherwise inadmissible evidence may be included because of its probative value, but instead provides that otherwise admissible evidence may be excluded due to one of the factors stated in the rule.

The People argue that the proposed testimony will cause confusion of the issues and will mislead the jury, and should therefore be excluded under Rule 403. People's Opp'n 2 (Nov. 20, 2017). However, if the proposed testimony is being used for the limited purpose of refuting the notion that the alleged victim could only have learned about sex through

abuse by the Defendant, then there is not a substantial risk of the jury being confused or misled by this testimony. Balancing the probative value of the evidence with the potential of misleading or confusing the jury, the Court finds that the evidence cannot be excluded on Rule 403 grounds.

### III. Evidence Rule 412

Rule 412 of the Guam Rules of Evidence states that evidence relating to an alleged victim's prior sexual behavior is generally inadmissible in a criminal proceeding involving alleged sexual misconduct. Guam R. Evid. 412(a). This rule is based on Rule 412 of the Federal Rules of Evidence and "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process". Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amendments (West); United States v. Torres, 937 F.2d 1469, 1472-73 (9th Cir. 1991) (citing 124 Cong. Rec. H. 11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann) (the purpose of the rule is "to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives")).

**A. Rule 412(b)(1)(C) Creates an Exception to the Rape Shield Statute to Protect the Constitutional Rights of a Defendant.**

There are a limited number of exceptions to the general presumption of inadmissibility. Of relevance to the present motion, the rule provides for the admission of "evidence the exclusion of which would violate the constitutional rights of the defendant." Guam R. Evid. 412(b)(1)(C).

The Supreme Court of the United States has acknowledged that the Constitution guarantees criminal defendants with certain rights which cannot be stripped away by statute. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'"

Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)) (citations omitted).

In Michigan v. Lucas, 500 U.S. 145, 149 (1991), the Supreme Court recognized that the Sixth Amendment right to present relevant testimony "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." (quoting Rock v. Arkansas, 483 U.S. 44, 55 (1987) (quoting Chambers v. Mississippi, 410 U.S. 284, 295 (1973))) (citations omitted). However, the Court went on to emphasize that restrictions on a criminal defendant's right to confront witnesses and to present relevant evidence "may not be arbitrary or disproportionate to the purposes they are designed to serve" Id. at 151 (quoting Rock, 483 U.S. 44 at 56.

In, LaJoie v. Thompson, 217 F.3d 663 (9th Cir. 2000), the Ninth Circuit interpreted the Lucas decision as creating a balancing test which must be applied on a case-by-case basis. "In line with the overwhelming majority of decisions interpreting Lucas, including this court's, at the time the Oregon Supreme Court rendered its decision in LaJoie's direct appeal, clearly established Supreme Court law mandated a case-by-case balancing approach for determining whether evidence may be precluded under a rape shield law." Id. at 669.

**B. The "Sexual Innocence Inference" Allows Defendant to Produce Evidence of Prior Sexual Knowledge.**

In LaJoie, the Ninth Circuit held that a Defendant's Constitutional rights were violated when a trial court held that Rule 412 prevented the admission of evidence showing that an alleged victim could have gained an understanding of sex and male genitalia through past sexual abuse.

> "The evidence of VN's rape by Watkins was also relevant to show that VN could have learned about sexual acts and male genitalia other than through rape by LaJoie. See State v. Budis, 125 N.J. 519, 593 A.2d 784, 791–92 (1991) (evidence of prior abuse of child victim was relevant to rebut inference that child acquired the knowledge to describe sexual matters from her experience with defendant); State v. Pulizzano, 155 Wis. 2d 633, 456 N.W.2d 325, 335 (1990) (rape shield law barring evidence that child victim had alternate source of sexual knowledge was unconstitutional as applied); State v. Carver, 37 Wash.App. 122, 678 P.2d 842, 843–44 (1984) (evidence of past sexual abuse of minors should have been admitted to rebut the

inference that they would not know about such sexual acts unless they had experienced them with defendant). The jury did not hear of the situations from which VN could have gained knowledge about what a sexually-aroused man looks like, or what vaginal penetration was. If this evidence had been admitted, the jury could have concluded that VN knew this from her abuse by Watkins."

Id. at 671-72.

In the present case, the Defendant would be substantially prejudiced if the jury were to infer that the alleged victim could only have gained knowledge of sex and male genitalia through interactions with Defendant. The Court therefore finds that the Defendant has the Constitutional right to refute such inference by producing testimony and cross-examining the alleged victim.

Many jurisdictions have held that this "sexual innocence inference" provides defendants with the opportunity to present evidence of an alleged victim's sexual knowledge in cases where such evidence would otherwise be inadmissible under rape shield statutes. People v. Hill, 289 Ill.App.3d 859 (1997); State v. Budis, 125 N.J. 519, 593 A.2d 784 (1991).

In State v. Molen, 231 P.3d 1047 (Idaho Ct. App. 2010), the Court of Appeals of Idaho provided a list of factors to be used in determining the relevance of an alleged victim's sexual knowledge. The first factor is the age of the alleged victim. "[T]he probative value of evidence of a child's alternative source of sexual knowledge will ordinarily be inversely proportional to the child's age, for the younger the child, the stronger the likelihood of a jury inference that the child would be too sexually innocent to have fabricated the allegations against the defendant. As the victim's age rises, the risk of such an inference will diminish and may evaporate." Id. at 1052. In the present case, the victim is only eleven-years old. The risk of the jury making an inference that the child would be too innocent to make the claims at issue is very high when the alleged victim is of such a young age. The Court finds that this factor favors the admittance of the testimony.

CF0445-16, People of Guam v. Perez
Decision and Order Re: Def's Mot. to Admit Evidence of Habit.

Page **6** of **8**

The second factor discussed in Molen is the degree of similarity between the acts of which the defendant is accused and the prior sexual activity to which the child was exposed. Id. at 1052. "Logical relevance turns upon whether the child's prior sexual experience or observation would have enabled the child to describe acts of the particular type that she now ascribes to the defendant." Id. at 1052. While the Court is not currently aware of the details of the pornography viewed by the alleged victim, it can be assumed that the pornography was of a nature which would provide the alleged victim with the sexual knowledge necessary to describe the types of behavior of which the Defendant is now accused.

The third factor in Molen is "the interest in avoiding trauma to the child from subjection to cross-examination concerning a prior molestation." Id. at 1053. The reasoning for this factor is that the majority of cases involving the sexual innocence inference have involved the victim learning of sexual conduct through prior victimization. While the Court recognizes the importance of protecting the victim's privacy, cross-examination in the current case would not be as harmful to the alleged victim as cross-examination concerning a prior instance of molestation. The Court finds that the accused's rights to cross-examination about possible sources of knowledge is of great enough importance to outweigh the potential of trauma to the victim if she is subject to cross-examination concerning her habit of viewing pornographic material.

**C. The "Sexual Innocence Inference" Is Inherently Relevant.**

The Supreme Judicial Court of Maine has found that past sexual experience is relevant to show an alleged victim's sexual knowledge, even if this issue has not been raised by the prosecution.

> "Where the victim is a child, as in this case, the lack of sexual experience is automatically in the case without specific action by the prosecutor. A defendant therefore must be permitted to rebut the inference a jury might otherwise draw that the victim was so naive sexually that she could not have fabricated the charge."

State v. Jacques, 558 A.2d 706, 708 (Me. 1989).

The Court of Appeals of New Mexico has adopted the same reasoning:

"The assumption of sexual naivete is so entrenched that there is a substantial risk the jury will make such an assumption even if the prosecution does not directly inject it."

State v. Payton, 142 N.M. 385, 389.

The jury in this case will hear testimony of an eleven-year-old girl describing sexual encounters in graphic detail. The jury will naturally question the basis of the alleged victim's knowledge of such acts. This Court adopts the reasoning of the above jurisdictions and finds that the issue of the alleged victim's sexual knowledge is relevant in this case regardless of whether it is raised by the prosecution.

## CONCLUSION

By preponderance of the evidence and based on the forgoing reasons, the Court GRANTS the Defendant's Motion to Allow Past Habit of Viewing Porn.

**SO ORDERED** this JAN 2 3 2018 _____.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE V    COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG, W. Pole
Date: 1/23/18   Time: 5:10
Deputy Clerk, Superior Court of Guam